```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


VELMA J. HANDY,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No. 4:05 CV 1256 DDN
                                   )
ANTHONY J. PRINCIPI, Secretary,    )
United States Department           )
of Veterans Affairs,               )
                                   )
            Defendant.             )
```

**MEMORANDUM OPINION**

This matter is before the court for a decision by the court on the claim of plaintiff Velma J. Handy that the defendant United States Department of Veterans Affairs discriminated against her in her employment because of her age. This claim was tried to the court sitting without a jury.

In her amended complaint, plaintiff alleged claims based on Title VII of the Civil Rights Act of 1964, for failing to promote her because of her race and her gender. 42 U.S.C. § 2000e-16(a) and (c). She also alleged a claim of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a).

Plaintiff's race and sex discrimination claims were tried to a jury. See 42 U.S.C. 1981a(c)(1991). However, there is no entitlement to a jury trial on an age discrimination claim under the ADEA against the United States; rather, such a claim is to be tried to the court without a jury. Lehman v. Nakishian, 453 U.S. 156, 168 (1981). In deciding the age discrimination claim without a jury, the court must give preclusive effect to the jury's findings that have relevance to the non-jury issues. See McIntosh v. Weinberger, 810 F.2d 1411, 1429 (8th Cir. 1987).

The parties submitted the age discrimination claim to the court upon the evidence adduced during the jury trial of plaintiff's race and sex discrimination claims. Following the receipt of evidence, the jury ruled in favor of defendant on both the race and sex discrimination claims.

What follows are the court's findings of fact and conclusions of law in compliance with Federal Rule of Civil Procedure 52(a). In 2002, plaintiff Velma Handy was employed as a Claims Examiner in the Education Division of the Veterans Affairs Regional Office (VARO) in St. Louis, Missouri. She began her employment with defendant in March 2001 and remains employed by defendant. Plaintiff was born on December 19, 1956, and is an African American female. Before her employment by defendant, plaintiff had 12 years of experience as a Military Personnel Specialist in the United States Air Force, and has more than 30 years of work experience. She holds an associate degree in Personnel Management and a Bachelor's degree in Human Resources and Customer Service.

On June 19, 2002, VARO announced a vacancy for a Human Resources Specialist in St. Louis and plaintiff applied for the position. Gerald Lorang, VARO's assistant director, asked two experienced members of the Human Resources staff, Gina Byrd and Janet McDonald, to assist him with determining who the seven most qualified applicants were, and to prepare questions for interviews and to conduct the interviews. Lorang wanted a performance based interview process, and he wanted the results presented to him in a matrix format. Byrd is an African American female and McDonald is a white female.

Byrd and McDonald selected six interview questions from the defendant's much longer formal list of Performance Based Interview Questions, Plaintiff's Ex. 5. They interviewed the seven most qualified applicants, who included plaintiff Handy and Adam Giraudo, a 24-year-old white male. Other applicants included a female over the age of 40 who holds a Master's degree in human resources management, and a female over the age of 40 who had human resources experience.

Each applicant was interviewed apart from the others, but each was asked the same interview questions. Both Byrd and McDonald were present during each interview, although they alternated asking the questions from one applicant to the next. After the interviews were completed, Byrd and McDonald graphed the scores of each applicant (identified by number) for each relevant selection factor, including performance during the interview. Byrd and McDonald gave Giraudo a score of 67 and plaintiff a score of 53. Byrd and McDonald were impressed with

Giraudo's answers which were to-the-point. They downgraded Handy for her answer that, if she was dealing with a difficult person who did not act professionally, she also would not act professionally.

Velma Handy and Adam Giraudo were the two highest scorers, after an applicant with a higher score than Handy's withdrew from contention. Byrd and McDonald submitted Handy's and Giraudo's names to Gerald Lorang. Lorang in turn asked for the recommendation of Gerald Feld, who at that time was supervising both Handy and Giraudo. Feld advised that Adam Giraudo was an above average worker who, when he finished his work, asked for more and received it. Feld advised that Handy was a good but average employee who did not seek out more work. With that information Gerald Lorang selected Adam Giraudo for the position of Human Resources Specialist in September 2002.

At no time did the ages of plaintiff Handy or of Adam Giraudo play a part in the selection of Giraudo for the Human Resources Specialist position.[1]

The Age Discrimination in Employment Act provides the following which is applicable to employment with the federal government:

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age.

29 U.S.C. § 633a(a). Plaintiff has failed to persuade the court that it is more likely than not that defendant selected Adam Giraudo and not her for the Human Resources Specialist position in 2002 based on age.

Judgment will be for defendant.

                          /S/   David D. Noce
                          **UNITED STATES MAGISTRATE JUDGE**

Signed on October 23, 2007.

---

[1] The jury found upon the same evidence that neither the race of plaintiff nor her sex played a part in the decision of defendant not to select her for the Human Resources Specialist position.